NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH ZOCK, AS WIDOW OF FRANK ZOCK, IN BEHALF OF HERSELF AND CHILDREN, PETITIONER, v. FREDERICK SNARE CORPORATION, RESPONDENT.

For the petitioner, *Kent & Kent.*

For the respondent, *McDermott, Enright & Carpenter* (by *Carl S. Kuebler*).

\*     \*     \*     \*     \*     \*     \*

The testimony shows that the deceased, Frank Zock, was employed by Frederick Snare Corporation as a concrete laborer at the weekly wages of $44, and that on December 11th, 1926, he sustained an accident arising out of and in the course of his employment. It is contended that he fell down a ladder from the third rung to the bottom, causing a slight injury to his hip and arm, which is not denied by the respondent. It is contended by the respondent that the death of Frank Zock was not the result of the accident on December 11th, 1926, and was not the result of any accident arising out of and in the course of his employment with the respondent, but that the decedent died from natural causes, and that Frank Zock received compensation in full for the injury which he sustained on December 11th, 1926, in the form of temporary disability to March 14th, 1927.

I considered very carefully the testimony introduced in this case. It appears from the testimony that the accident occurred at nine-thirty A. M. on December 11th, 1926, and the petitioner worked until four-thirty P. M. on that day; that he returned to his home and was confined there under treatments by Dr. Draesel, and that on December 25th, 1926, the petitioner was taken with a severe sickness; that Dr. Eckert was called and that he pronounced him to be suffering from cardiac decomposition and acute rheumatic fever; that Dr. Eckert treated him for two weeks at his home, after which he was treated at Dr. Eckert's office. There was some question as to whether or not Mr. Zock ever returned to his work. The petitioner claims that he did not and the respondent claims that he worked for a month, between March 14th and April 16th.

It is the opinion of Dr. Eckert that the accident of December 11th was an inciting cause of his serious heart condition which resulted in Mr. Zock's death. I am impressed, however, with the testimony of Dr. Londrigan, the state doctor, who testified that he examined this man in March, 1927, at which time he found no evidence of the trauma of December 11th; that he found the man poorly nourished,

having pulsations in his neck and a double murmer in the mitral area. Dr. Londrigan's testimony shows that the history which he got of the case shows that Mr. Zock was very ill fifteen years ago, had a serious illness in his youth, and rheumatism twenty-five years ago. In Dr. Londrigan's opinion, this condition of the heart and the death of Mr. Zock are in no way related to the accident of December 11th, 1926. Dr. John Cassidy, a heart specialist and professor in Bellevue Medical School, agrees with Dr. Londrigan and insists that the death of Frank Zock was not the result or was not aggravated by the accident of December 11th, 1926.

At the close of the testimony both attorneys submitted the case to me for determination.

I find as a matter of fact that the death of Frank Zock on July 11th, 1927, was not caused by the accident of December 11th, 1926, nor was any previous condition of his heart aggravated by the accident of December 11th, 1926, but that the death of Frank Zock was due to natural causes and therefore the petitioners in this case are not entitled to compensation.

It is therefore ordered that judgment be entered in favor of the respondent in the above-entitled cause, without costs.

CHARLES E. CORBIN,
*Deputy Commissioner.*